FILED
IN CLERKS OFFICE

2018 NOV -9 AM 11: 22

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 18-CR-300 55 -MGM |
|  | ) |  |
|  | ) | Violations: |
| v. | ) |  |
|  | ) | Count One: Conspiracy |
| JEFFREY BORER, | ) | (18 U.S.C. § 371) |
|  | ) |  |
| Defendant | ) | Count Two: False Statement To Financial |
|  | ) | Institution; Aiding And Abetting |
|  | ) | (18 U.S.C. §§ 1014 and 2) |
|  | ) |  |
|  | ) | Forfeiture Allegation: |
|  | ) | (18 U.S.C. § 982) |
|  | ) |  |

## INFORMATION

### General Allegations

At all times relevant to this Information:

1.      Wells Fargo Bank, NA ("WFB") was an institution the accounts of which were insured by the Federal Deposit Insurance Corporation.

2.      The defendant, JEFFREY BORER ("BORER") was a businessman who, with another person known to the United States Attorney ("Person 1"), owed WFB approximately $1.2 million in outstanding loans.

3.      The defendant's bookkeeper, Marlene Borer ("Marlene"), maintained a bank account at Greenfield Savings Bank in Greenfield, Massachusetts.

1

The Object of the Conspiracy

4.      The object of the conspiracy was to conceal assets of approximately $486,000 belonging jointly to defendant JEFFREY BORER and Person 1, so that defendant JEFFREY BORER and Person 1 could negotiate the settlement of their approximately $1.32 million loan debt to WFB without disclosing or providing a substantial portion of these assets to WFB.

The Manner and Means of the Conspiracy

5.      The methods and means by which the conspirators accomplished and attempted to accomplish the goals and objectives of the conspiracy, included, but were not limited to, the following:

a.      Placing and maintaining these assets of defendant JEFFREY BORER and Person 1 into a bank account in the name of Marlene;

b.      Distributing the assets of defendant JEFFREY BORER and Person 1 for purposes other than to settle their debt to WFB; and

c.      Creating a false personal financial statement for WFB that omitted the assets of defendant JEFFREY BORER and Person 1.

Acts in Furtherance of the Conspiracy

6.      Set forth below are examples of acts that JEFFREY BORER and coconspirators known to the United States Attorney took and caused to be taken in furtherance of the conspiracy:

a.      On or about March 21, 2012, defendant JEFFREY BORER arranged for approximately $1.1 million, including $436,000 belonging jointly to defendant JEFFREY BORER and Person 1, to be wired from Honduras to a Greenfield Savings Bank checking account belonging to Marlene;

2

b.      On or about March 23, 2012, defendant JEFFREY BORER sent an e-mail to Marlene entitled "funds." In pertinent part, defendant JEFFREY BORER stated: "Please keep bulk of funds for [Person 1] and I in your account as Wells Fargo might be conducting an asset search on us to try and recover on the judgments. Just transfer what is needed to pay bills as they arrive;"

c.      On or about May 24, 2012, Marlene prepared a personal financial statement (the "PFS") for defendant JEFFREY BORER and Person 1 that falsely omitted approximately $239,000 of the Honduran funds that belonged to defendant JEFFREY BORER and Person 1;

d.      On or after May 24, 2012, defendant JEFFREY BORER caused the false PFS to be provided to WFB as part of his attempt to settle his outstanding debt; and

e.      On or about October 31, 2012, based in part upon the false PFS, defendant JEFFREY BORER and Person 1 executed a Settlement Agreement with WFB, in which WFB agreed to forgive their personal obligations to pay the loan debt in exchange for a payment of only $50,000.

COUNT ONE
Conspiracy
(18 U.S.C. § 371)

The United States Attorney charges that:

7.     The United States Attorney re-alleges and incorporates by reference paragraphs 1 -
6 of this Information.

8.     Between on or about March 1, 2012, and on or about October 31, 2012, in the
District of Massachusetts and elsewhere, the defendant,

JEFFREY BORER,

did knowingly and willfully conspire with others known to the United States Attorney to commit
the following offense against the United States:  to knowingly make a false statement for the
purpose of influencing in any way the action of Wells Fargo Bank, NA ("WFB"), an institution
the accounts of which were then insured by the Federal Deposit Insurance Corporation, upon a
loan and change and extension of the same, by renewal, deferment of action and otherwise, and
the acceptance, release, and substitution of security therefor, in violation of Title 18, United States
Code, Section 1014.

All in violation of Title 18, United States Code, Section 371.

4

## COUNT TWO
### False Statement To Financial Institution; Aiding And Abetting
(18 U.S.C. §§ 1014 and 2)

The United Attorney further charges that:

9.      The United States Attorney re-alleges and incorporates by reference paragraphs 1 - 6 of this Information.

10.     On or about May 24, 2012, in the District of Massachusetts and elsewhere, the defendant,

### JEFFREY BORER,

did knowingly make and cause to be made a false statement for the purpose of influencing in any way the action of Wells Fargo Bank, NA ("WFB"), an institution the accounts of which were then insured by the Federal Deposit Insurance Corporation, upon a loan and change and extension of the same, by renewal, deferment of action and otherwise, and the acceptance, release, and substitution of security therefor, to wit, a personal financial statement for defendant JEFFREY BORER and Person 1 that falsely omitted approximately $486,000 that belonged to defendant JEFFREY BORER and Person 1.

All in violation of Title 18, United States Code, Sections 1014 and 2.

## FORFEITURE ALLEGATION
(18 U.S.C. § 982(a)(2))

The United States Attorney further alleges that:

11.     Upon conviction of one or more of the offenses alleged in Counts One and Two of this Information, the defendant,

### JEFFREY BORER,

shall forfeit to the United States of America pursuant to 18 U.S.C. § 982(a)(2)(A), all property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violations.

12.     If any of the property described in Paragraph 12 above as a result of any act or omission of the defendant –

a.     cannot be located upon the exercise of due diligence;

b.     has been transferred to, sold to, or deposited with a third party;

c.     has been placed beyond the jurisdiction of this Court;

d.     has been substantially diminished in value; or

e.     has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to 18 U.S.C. § 982(b)(1), incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 982(a)(2).

6

ANDREW E. LELLING
United States Attorney

By:    */s/ Steven H. Breslow*
       STEVEN H. BRESLOW
       Assistant U.S. Attorney

Dated: October 30, 2018